# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:11CV576-MOC-DSC

| | |
|---|---|
| DAVID A. SIMPSON, P.C., Substitute Trustee, | ) ) ) |
| Plaintiff, | ) **MEMORANDUM AND RECOMMENDATION** |
| | ) **AND ORDER** |
| v. | ) ) |
| JENNIFER L. WILSON, | ) ) |
| Defendant/Counterclaimant, | ) ) |
| v. | ) ) |
| DAVID A. SIMPSON, P.C., AURORA LOAN SERVICES, LLC, AURORA BANK FSB, and JOHN DOES 1-10, | ) ) ) ) ) |
| Counterclaim Defendants, | ) ) ) |

**THIS MATTER** is before the Court on Plaintiff/Counterclaim Defendants' "Motion to Remand" (document #16) and "Memorandum in Support ..." (document #17), both filed January 18, 2012. The pro se Defendant/Counterclaimant has not filed a response and the time for filing a response has expired.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and the Motion is now ripe for the Court's consideration.

This action involves the foreclosure of a deed of trust on real property located in Union County, North Carolina. (hereinafter "real property"). On March 30, 2010, Plaintiff commenced a foreclosure proceeding in Union County Superior Court.

On October 12, 2011, the Clerk ordered a foreclosure sale. On October 21, 2011, Defendant appealed to Superior Court. The foreclosure sale has not yet occurred.

On November 14, 2011, more than thirty days after his receipt of the initial foreclosure notice, Defendant filed a "Notice of Removal of Action" (document #1) and "Counterclaim" (document #2) with the Clerk of the United States District Court for the Western District of North Carolina. Defendant attempts to invoke this Court's subject matter jurisdiction by generally alleging the existence of federal question jurisdiction under 28 U.S.C. § 1331. In her Counterclaims, Defendant asserts state law claims for misrepresentation, breach of contract and "wrongful foreclosure."

On December 9, 2011, Plaintiff/Counterclaim Defendants filed their "Motion for Extension of Time to File Motion to Remand" (document #12), which the Court granted that same day, and extended Plaintiff/Counterclaim Defendants' deadline to file their Motion to Remand until January 18, 2012. See "Order" (document #13).

At the outset, the undersigned notes that the Motion to Remand is timely. See 28 U.S.C. § 1447(c) (party seeking remand must respond to notice of removal within thirty days of filing of notice of removal and the Court shall order remand if removal was improper).

28 U.S.C. § 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The existence of subject matter jurisdiction is a threshold issue. Absent a proper basis for subject matter jurisdiction, a removed case must be remanded to state court. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998). Accord Jones v. American Postal Workers Union, 192

F.3d 417, 422 (4th Cir. 1999); and Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The party asserting federal jurisdiction has the burden of proving that subject matter jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

"The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000), citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Accord Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 186 (4th Cir. 2002) ("In general, an action filed in state court may be removed to federal court only if it might have been brought in federal court originally"). Defendant does not allege the existence of nor does there appear to be complete diversity of citizenship between the parties. Therefore, the basis for federal subject matter jurisdiction must arise under what is commonly called "federal question" jurisdiction.

As the Fourth Circuit has stated:

> Title 28 U.S.C. § 1331 provides that district courts have subject matter jurisdiction of every civil action that "arises under the Constitution, laws, or treaties of the United States." This means that Congress has given the lower federal courts jurisdiction to hear only those cases in which a well-pleaded complaint establishes <u>either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law</u>.

Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606-07 (4th Cir. 2002) (emphasis added).

Foreclosure actions brought under state law do not give rise to federal question subject matter jurisdiction. City of Durham v. Wadsworth, 2009 WL 186174 (M.D.N.C 2009) (remanding tax foreclosure action); McNeely v. Moab Tiara Cherokee Kituwah Nation Chief, 2008 WL 4166328 (W.D.N.C 2008) (nothing in "simple foreclosure action of real property ... suggests the presence of a federal question").

3

It is also well settled that a notice of removal must be filed within thirty days of the receipt by the removing party of the initial pleading, order or other document from which the removing party may ascertain that the case is removable to federal court. See 28 U.S.C. 1446 (b)[1]; Lovern v. General Motors Corp. 121 F.3d 160, 161-62 (4th Cir. 1997) (quoting statute); Roberson v. South Carolina Dept. of Corrections, 2010 WL 679070 (D.S.C. February 24, 2010) (same); In re Foreclosure of a Deed of Trust Executed by Prodev, XI, LLC by Eddie Hood, Manager, Present Record Owner(s) Braxton Village North, 2008 WL 5234301 (E.D.N.C 2008.) ("because ... filing of the Petition of Removal was untimely, and therefore procedurally defective ... the removal was procedurally improper, [and] the court need not consider whether it has subject matter jurisdiction over this case"). It is clear from the record that Defendant had notice of the parties to and nature of this proceeding prior to October 12, 2011, but did not file her notice of removal until November 14, 2011.

Accordingly, for both of these reasons, the Motion to Remand should be granted.

## ORDER

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and

---

[1] 28 U.S.C. § 1446(b) provides:
> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Order.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff/Counterclaim Defendants' "Motion to Remand" (document #16) be **GRANTED** and that this matter be **REMANDED** to Union County Superior Court.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Defendant, to counsel for the remaining parties; and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: February 7, 2012

David S. Cayer
United States Magistrate Judge