# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11cv576

| | |
|---|---|
| DAVID A. SIMPSON, P.C., Substitute Trustee, | ) ) ) |
| Plaintiff, | ) ) |
| Vs. | ) ) ORDER |
| JENNIFER L. WILSON, | ) ) |
| Defendant/Counterclaimant, | ) ) |
| Vs. | ) ) |
| DAVID A. SIMPSON, P.C.; AURORA LOAN SERVICES, LLC; AURORA BANK FSB, and JOHN DOES 1-10, | ) ) ) ) |
| Counterclaim Defendants. | ) ) |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c).

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and

recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation. Defendant/Counterclaimant Jennifer L. Wilson (hereinafter "defendant"), who removed this action to this court, is proceeding *pro se*.

Defendant's first objection is that the magistrate judge incorrectly determined that she failed to file a response to the plaintiff's Motion to Remand. Such objection is sustained, as it appears that defendant filed a response the day before the magistrate judge entered his Memorandum and Recommendation. In all fairness, however, while defendant filed such response on February 6, 2012, it appears that the Clerk of this Court did not docket such response until February 7, 2012, the same day the magistrate judge entered his recommendation. The court has, therefore, read defendant's responsive brief alongside her objections in reviewing the Magistrate Judge's Memorandum and Recommendation.

Defendant's second objection appears to claim some judicial bias on the part of the magistrate judge based on his underlining of the term "pro se." Such objection is overruled as underlining Latin terms is simply an acceptable alternative for *italicizing* Latin terms used in formal writing.

Defendant's third objection appears to be that the magistrate judge lacked jurisdiction to enter a recommendation because she refused to consent to a magistrate judge conducting the trial in this matter. Defendant mistakes the consent provisions of 28 U.S.C. § 636(c) with the delegations of duties allowed by Congress under § 636(b). Put succinctly, magistrate judges are authorized as a matter of law to enter recommendations as to the disposition of

dispositive motions without the consent of the parties. This court has fully delegated such duties to magistrate judges. Such objection is overruled.

Defendant's fourth objection is that she timely removed this action from state court. Such objection is overruled as not only did she not timely remove the action, she failed to satisfy the jurisdictional requirements for removal, which is a threshold determination. This action involves the foreclosure of a deed of trust on real property located in Union County, North Carolina. (hereinafter "real property"). On March 30, 2010, plaintiff commenced a foreclosure proceeding in Union County Superior Court. On October 12, 2011, the state Clerk of Court ordered a foreclosure sale. On October 21, 2011, defendant appealed to Superior Court. On November 14, 2011, more than thirty days after her receipt of the initial foreclosure notice, defendant filed a "Notice of Removal of Action" (#1) and "Counterclaim" (#2) with the Clerk of this court.

In her notice of removal, defendant attempts to invoke this court's subject matter jurisdiction by generally alleging the existence of federal question jurisdiction under 28 U.S.C. § 1331. In her Counterclaims, defendant asserts state law claims for misrepresentation, breach of contract and "wrongful foreclosure." While plaintiff argues extensively in her objections that her removal was timely, the magistrate judge properly considered whether subject matter jurisdiction existed as a threshold matter. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998). The magistrate judge determined that this court lacked diversity or federal question jurisdiction over the removed claims. See Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000)("The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed") (citation omitted). Such determination and recommendation is fully supported as a matter of law.

Moreover, as the magistrate judge found, foreclosure actions brought under state law do not give rise to federal question subject matter jurisdiction. City of Durham v. Wadsworth, 2009 WL 186174 (M.D.N.C 2009) (remanding tax foreclosure action); McNeely v. Moab Tiara Cherokee Kituwah Nation Chief, 2008 WL 4166328 (W.D.N.C 2008) (nothing in a "simple foreclosure action of real property ... suggests the presence of a federal question").

\* \* \*

After such review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background (with the exception of the finding concerning the timely filing of a response) and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#20) is **AFFIRMED,** defendant's Objections (#24) are **SUSTAINED** in part and otherwise **OVERRULED** as herein provided**,** the Motion to Remand (#16) is **GRANTED,** and this action is **REMANDED** to the North Carolina General Court of Justice, Superior Court Division, for Union County.

The Clerk of this court is instructed to send to the state Clerk of Court a certified or *true teste* copy of this Order as provided by 28 U.S.C. § 1447(c).

Signed: March 26, 2012

Max O. Cogburn Jr.
United States District Judge